Tony Ray BRAZIL, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–83–00286–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 11, 1984.

Allan R. Manka, San Antonio, for appellant.

Sam Milsap, Jr., Ron Mendoza, David Chapman, San Antonio, for appellee.

Before ESQUIVEL, REEVES and TIJERINA, JJ.

## ON APPELLEE'S MOTION FOR REHEARING

### OPINION

PER CURIAM.

This case was originally filed in our court on August 30, 1983. The record reflects that appellant was indicted for the offense of aggravated robbery. Appellant waived a jury and entered a plea of not guilty. Upon a trial before the court, appellant was found guilty of the lesser included offense of robbery and sentenced to serve ten (10) years' confinement in the Texas Department of Corrections on June 8, 1983.

Appellant was represented by court-appointed counsel at trial. Immediately following sentencing, notice of appeal was given in open court. The trial judge, in open court, then reappointed trial counsel to represent appellant on appeal. Following the preparation, completion and approval of the record, counsel for appellant timely filed his brief on appellant's behalf on September 28, 1983. The State responded and timely filed its brief on October 28, 1983.

On December 5, 1983, appellant filed in this Court his *pro se* motion to abate his appeal. In this motion, appellant alleged that his trial counsel was ineffective and wanted to present that claim to this Court.

Appellant requested the appeal be abated and remanded to the district court for appointment of new appellate counsel on his behalf. On December 14, 1983, we granted appellant's motion, abated the appeal and remanded this case to the trial court with instructions to appoint new counsel for appellant. To this action, the State timely filed a motion for rehearing respectfully requesting us to reconsider our decision. We shall do so.

 It is well settled that an accused's right to counsel may not be manipulated so as to obstruct the orderly procedure of the courts or interfere with the fair administration of justice. *Wallace v. State*, 618 S.W.2d 67 (Tex.Cr.App.1981); *Lyles v. State*, 582 S.W.2d 138 (Tex.Cr.App.1979). "Once the court has appointed an attorney to represent the indigent defendant, the defendant has been accorded the protections provided under the Sixth and Fourteenth Amendments and Article 26.04, V.A. C.C.P. regarding counsel." *Malcom v. State*, 628 S.W.2d 790, 791 (Tex.Cr.App. 1982). If an indigent defendant is displeased with his appointed counsel, he must timely bring the matter to the trial court's attention. *Parish v. State*, 632 S.W.2d 200 (Tex.App.—Fort Worth 1982). Upon bringing this matter to the trial court's attention, the defendant then carries the burden of proving that he is entitled to a change of counsel. *Malcom v. State, supra,* and *Martinez v. State*, 640 S.W.2d 317 (Tex. App.—San Antonio 1982, pet. ref'd). The foregoing general principles of law are applicable in the instant cause.

The record reveals that appellant was present in open court when the trial judge appointed appellant's trial counsel to represent appellant on appeal of this case. Appellant voiced no complaint to the trial judge regarding this appointment at that time. The record is devoid of evidence of any complaint having been made to the trial court during the time in which the appellate record was being prepared. Even after his court-appointed attorney filed a brief in this cause, appellant voiced no complaint to the trial court regarding ineffec-

tive assistance of counsel. It was thirty-eight (38) days after the State's brief was filed that appellant filed his *pro se* motion and first brought to anyone's attention his dissatisfaction with trial counsel's performance. Under these circumstances, we hold that appellant's motion to abate the appeal and requesting appointment of different counsel, as presented, amounts to nothing more than a manipulation by appellant to obstruct the orderly procedure of this Court.

The State's Motion for Rehearing is Granted. Our prior opinion abating the appeal and ordering substitute counsel be appointed by the trial court is hereby withdrawn. Appellant's *pro se* motion to abate the appeal and for appointment of substitute counsel is, in all things, DENIED.