**George Valentino BRENT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 14–09–00960–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 5, 2011.

Discretionary Review Refused
Aug. 24, 2011.

---

Brian Middleton, Houston, for Appellant.

Jason Travis Bennyhoff, Richmond, for Appellee.

Panel consists of Justices SEYMORE, BOYCE, and CHRISTOPHER.

## OPINION

CHARLES W. SEYMORE, Justice.

A jury convicted appellant, George Valentino Brent, of misdemeanor assault-family violence and assessed punishment at sixty days' confinement in county jail, probated. In two issues, appellant contends the trial court erred by refusing his request for court-appointed counsel and admitting hearsay testimony in violation of appellant's Sixth Amendment right to confrontation. We affirm.

## I. BACKGROUND

In November 2008, appellant was arrested for allegedly assaulting his wife. He was released on bond pending trial. The bail bond included language specifying the date of appellant's first court appearance and advising appellant as follows: "Your attorney should be present with you on this date. The judge will not appoint you an attorney until you have completed a financial statement and are shown to be indigent. It is your responsibility to attempt to hire an attorney to represent you on this charge." Appellant initialed under this language. The same day, a magistrate advised appellant of his right to obtain court-appointed counsel. Appellant signed a notification of his rights, on which he indicated, "The accused ... does not want appointed counsel."

In December 2008, appellant appeared in court and was given a right-to-counsel admonishment form. Appellant indicated on the form, "I want to proceed with my case today with the attorney of the day." Appellant's case was reset twice. Both notices of resetting indicated the case was reset in order for appellant to retain counsel.

Subsequently, appellant's wife retained an attorney to represent him. Appellant and his attorney appeared in court twice, and both times the case was reset. Appellant's attorney later filed a motion to withdraw on grounds that appellant desired to

represent himself and had failed to pay the trial fee. In the motion, the attorney asserted that appellant consented to her withdrawal "as evidenced by [his] signature on this motion." However, appellant did not sign the motion. On June 4, 2009, the trial court commented on a notice of resetting that appellant's attorney was not present. On the same day, the trial court granted appellant's attorney's motion to withdraw.

On August 3, 2009, appellant filed an "Objection to Motion and Order Granting Motion to Withdraw as Counsel," asserting he was unaware his attorney had withdrawn and did not wish to represent himself. On August 4, 2009, appellant appeared in court, and his case was reset to September 8, 2009 to allow him time to retain new counsel.

Appellant filed an unsigned, unsworn request for court-appointed counsel, which was denied on August 11, 2009. He also sent several discovery requests to the district attorney's office. In most of appellant's filings, he acknowledged that he was representing himself "pro se." After appellant filed a motion to compel, the State filed a discovery response.

Trial began on September 8, 2009. The same day, appellant filed a memorandum detailing the State's alleged discovery-related misconduct and a related motion to dismiss. In the memorandum, appellant advised that a second request for court-appointed counsel had been filed, although such request is not part of the record. After pre-trial discussions concerning appellant's indigency, appellant advised he desired a jury trial, and the case proceeded to trial. Appellant represented himself, but the trial court assigned "stand-by" counsel who sat with appellant and answered his questions.

Following his conviction, appellant discussed with the trial court the procedure for punishment hearings. The trial court reprimanded appellant for not hiring an attorney after having been repeatedly advised to do so. The trial court further stated that it had researched and determined the value of appellant's home and, based on this information, "under no circumstances could the Court ever find you indigent." Appellant conceded that his home was worth at least $260,000. Thereafter, the jury assessed punishment at sixty days' confinement in county jail, probated.

## II. RIGHT TO REPRESENTATION BY COUNSEL

In his first issue, appellant contends the trial court erred by "forcing appellant to represent himself at trial" because (1) appellant did not waive his right to representation by counsel, (2) he was not afforded a reasonable opportunity to retain counsel, (3) he was denied court-appointed counsel, and (4) he was not afforded the statutorily required ten days' notice before the case proceeded to trial.

### A. Applicable Law and Standard of Review

Most of the complaints in appellant's first issue concern the trial court's purported failure to comply with the requirements of article 1.051(e) of the Code of Criminal Procedure which, in pertinent part, are as follows: "If a nonindigent defendant appears without counsel at a proceeding *after having been given a reasonable opportunity to retain counsel, the court, on 10 days' notice to the defendant of a dispositive setting,* may proceed with the matter without securing a written waiver or appointing counsel." Tex.Code. Crim. Proc. Ann. art. 1.051(e) (West Supp. 2009) (emphasis added).

 "A defendant in a criminal matter is entitled to be represented by counsel in

an adversarial judicial proceeding." *Id.* art. 1.051(a) (West Supp.2009); *see also* U.S. Const. amend. VI & XIV; Tex. Const. art. I, § 10. "An indigent defendant is entitled to have an attorney appointed to represent him in any adversary judicial proceeding that may result in punishment by confinement...." Tex.Code. Crim. Proc. Ann. art. 1.051(c) (West Supp.2009). We review for abuse of discretion a trial court's determination regarding indigence. *See Rosales v. State,* 748 S.W.2d 451, 455 (Tex.Crim.App.1987). Further, we review for abuse of discretion the trial court's decision, pursuant to article 1.015(e), to proceed to trial on charges against an unrepresented, nonindigent defendant, cognizant that the court has no discretion to ignore statutory requirements. *See Edwards v. State,* 10 S.W.3d 699, 702 (Tex. App.-Houston [14th Dist.] 1999), *pet. dism'd,* 67 S.W.3d 228 (per curiam).

### B. Analysis

We agree with appellant's assertions that he was denied court-appointed counsel and he did not sign a written waiver of his right to representation by counsel. Hence, we examine the record to determine whether the trial court erred by proceeding to trial without securing appellant's waiver or appointing him counsel, pursuant to article 1.051(e).

### 1. Appellant had a reasonable opportunity to retain counsel

■ We first address appellant's contention that he was not afforded a reasonable opportunity to retain counsel. During pre-trial discussions on September 8, 2009, appellant expressed that he did not desire to represent himself. The trial court explained it would not appoint counsel for appellant without reviewing appellant's tax returns. Appellant responded he had documentation indicating he was exempt from having to file a return. The trial court

explained that indigency is based on a person's household income and assets and appellant would also need to provide his wife's tax returns. *See Crauder v. State,* 933 S.W.2d 273, 275 & n. 2 (Tex.Crim.App. 1996) (noting spouse's earnings are considered in determining a defendant's indigency status). Appellant expressed that his wife was uncooperative and would not provide her returns. The trial court emphasized appellant had not established his indigency, and the case proceeded to trial.

Appellant argues the foregoing pre-trial exchange reflects that "it was at least unclear whether the trial court had made a final decision regarding Appellant's request for court appointed counsel prior to the day of trial." According to appellant, he did not have a reasonable opportunity to retain counsel because he still believed on September 8 that the trial court would appoint counsel. He contends nothing in the record indicates he was aware before September 8 that the trial court had denied his request for court-appointed counsel. Appellant also argues that his following assertion during pre-trial discussions indicates that he was confused regarding the nature of the September 8 setting: "It was my understanding that we were still in the discovery phase here, and I believe that when we came to court today that the Court would compel the district attorney to actually sit down and go through the discovery phase and present evidence in the form of the exhibits and I didn't believe we would actually be at trial today so in essence, I wasn't prepared."

Reviewing the entire record, we conclude appellant had a reasonable opportunity to retain counsel. Appellant was arrested in November 2008, at which time he was made aware of his responsibility to either hire an attorney or establish his right to be appointed an attorney. Settings involving his case were reset twice to

allow appellant time to retain counsel. Appellant's wife then hired an attorney to represent appellant. Although appellant's attorney appeared in court on appellant's behalf for two settings, appellant was aware at least by August 3, 2009 that his attorney had been allowed to withdraw. Appellant appeared in court on August 4 and the case was reset to September 8, once again to allow him time to retain counsel. On August 11, the trial court denied appellant's request for court-appointed counsel, which was unsigned, unsworn, and had no financial documentation attached. On the same day, appellant served the State with several discovery requests. Importantly, the record includes a letter from appellant to the district attorney. No date or file stamp appears on the letter, but it apparently was served with appellant's discovery requests. In pertinent part, the letter states as follows:

> Mr. District Attorney,
>
> As you are aware, on 4 August 2009,[1] contrary to objection my attorney was allowed to withdraw as my counsel on case No. 140573 Court No. 1 of Fort Bend County Texas.
>
> I received nothing from my attorney in terms of service or counsel, nor was my attorney compelled by the court to deliver to me any evidence, notes on Pre- Trial conference, or arguments/agreements between my attorney and you. However, *I was allowed five weeks by the court to seek new counsel and prepare my defense for trial.* Therefore, today I seek your cooperation in this matter via full disclosure. I have prepared the attached motions to produce discovery, witness list, medical records, and statements/affidavits.

(emphasis added). The emphasized portion of the letter reflects appellant was aware he had five weeks in which to retain new counsel. On August 20, appellant filed a motion to compel discovery; on the motion, appellant indicated he was acting "pro se." Finally, on September 8, appellant filed a "Pre–Trial Memorandum" in which he asserted, "A second application for court appointed counsel with additional information requested by the court has been submitted." Appellant's filing a second request for court-appointed counsel is evidence he was aware that his first request had been denied. In light of the procedural history, we conclude the trial court did not abuse its discretion by finding appellant had a reasonable opportunity to retain counsel before the September trial.

**2. Appellant had ten days' notice of a dispositive setting**

We next address appellant's contention he was not allowed ten days' notice before the trial court proceeded to trial without a written waiver or appointing counsel. Under article 1.051(e), "the court, on 10 days' notice to the defendant *of a dispositive setting,* may proceed with the matter without securing a written waiver or appointing counsel." Tex.Code. Crim. Proc. Ann. art. 1.051(e). As the State concedes, the August 4, 2009 "Notice of Resetting" did not indicate what type of proceeding was set for September 8, 2009. Consequently, from the notice alone we cannot determine whether the September 8 setting was dispositive. However, in his letter to the district attorney, appellant explained that the trial court allowed five weeks after his counsel withdrew "to seek new counsel and prepare my defense for

---

1. Actually, the trial court signed an order granting the withdrawal on June 4, 2009. However, in his "Objection to Motion and Order Granting Motion to Withdraw as Coun-

sel," appellant averred that his attorney withdrew without his consent and he was unaware of the withdrawal until July 28, 2009.

trial." This letter is some evidence appellant had more than ten days' notice of a dispositive setting, namely, his trial. We conclude the trial court did not abuse its discretion by finding appellant was afforded the ten days' notice required under article 1.051(e).

Accordingly, appellant has not established that the trial court erred by proceeding to trial under article 1.051(e). We overrule appellant's first issue.

### III. RIGHT TO CONFRONTATION

In his second issue, appellant contends the trial court erred by admitting certain testimony in violation of his Sixth Amendment right to confrontation. However, appellant did not object to this testimony on confrontation grounds; he objected only that the testimony was hearsay and nonresponsive. Accordingly, appellant did not preserve his confrontation issue. *See* Tex.R.App. P. 33.1(a); *Reyna v. State*, 168 S.W.3d 173, 179 (Tex.Crim.App.2005) ("An objection on hearsay does not preserve error on Confrontation Clause grounds."). We overrule appellant's second issue.

The trial court's judgment is affirmed.