

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00756-CR

George Kirk **PRENDERGAST**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law, Kerr County, Texas
Trial Court No. CR11-1108
The Honorable Spencer W. Brown, Judge Presiding

Opinion by:   Catherine Stone, Chief Justice

Sitting:   Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  July 10, 2013

AFFIRMED

George Kirk Prendergast was convicted by a jury of a misdemeanor offense of driving while intoxicated and sentenced by the trial court to twelve months community supervision. On appeal, Prendergast contends the trial court violated his Sixth Amendment right to counsel by denying his motion for continuance after his attorney's motion to withdraw was granted. We affirm the trial court's judgment.

**PROCEDURAL BACKGROUND**

On September 10, 2011, Prendergast was arrested for DWI. The magistrate's form setting his bond stated, "will hire own attorney."

On October 28, 2011, notice was sent setting an arraignment for November 29, 2011; however, on November 7, 2011, attorney Norman T. Whitlow filed a notice of appearance and a waiver of arraignment. On that same day, notice was sent setting the case for a pre-trial hearing on November 22, 2011. Prendergast subsequently filed a motion for continuance which was granted, resetting the pre-trial hearing to December 6, 2011. On December 6, 2011, the hearing was reset to January 10, 2012, with a notation that the reset was to enable Whitlow time to watch the video of the offense. On January 10, 2012, the hearing was reset to January 17, 2012, with a notation that Whitlow was sick.

On January 17, 2012, another motion for continuance was filed requesting a reset of the January 17, 2012 setting because Prendergast "scheduled a business meeting out of the city and will not be able to have this meeting re-scheduled." The motion was granted, and the hearing was reset to January 31, 2012. On January 31, 2012, the hearing was reset to March 6, 2012, with a notation that the reset was to enable Whitlow time to hire an investigator.

On March 6, 2012, notice was sent setting a pre-trial hearing for June 13, 2012, jury selection for July 9, 2012, and jury trial for July 11, 2012. On June 11, 2012, Whitlow filed a motion to withdraw and a motion for continuance based on the motion to withdraw. On June 13, 2012, the trial court granted the motion to withdraw, and a motions hearing was set for June 19, 2012.

On June 19, 2012, Prendergast appeared at the hearing pro se. At the hearing, Prendergast stated that he was requesting a reset so he could hire an attorney. The trial court responded that six previous pre-trial hearings had already been reset at Prendergast's request. Prendergast stated

that he did not have an attorney because his attorney quit, and he requested sixty days to hire a new attorney. The prosecutor asserted that Prendergast had ample time to retain a new attorney in time to be ready for the current trial setting, which was one month away. The trial court clarified that the trial date was July 11, 2012, which was twenty-two days from the date of the hearing. Prendergast stated that he believed the trial deadline would be too short for a new attorney to look at the files and be prepared for trial. The trial court stated that the trial setting was going to be left in place so Prendergast "better go out there and find you a lawyer." The trial court instructed Prendergast to tell the new attorney that the county has an open file policy and would give him a copy of everything they have. The prosecutor responded that he would provide the new attorney with the file the same day it was requested. In response to Prendergast's concern about the attorney having enough time to prepare, the trial court responded, "Well, you hire a lawyer. Let the lawyer contact these guys. See what they find out."

On July 9, 2012, the trial court called the case for trial. Prendergast appeared and stated that he had retained an attorney "going back over two weeks," and the attorney's secretary was supposed to call the court. When the trial court inquired regarding whether the new attorney would be ready to go to trial, Prendergast stated that he could not speak for him. When Prendergast disclosed the name of his attorney, the prosecutor stated, "Judge, if I may. He's in South Africa right now. I don't think he'll be back for a few weeks." The trial court responded that the case was proceeding to trial.

### DISCUSSION

"A defendant in a criminal matter is entitled to be represented by counsel in an adversarial judicial proceeding." TEX. CODE CRIM. PROC. ANN. art. 1.051(a) (West Supp. 2012). "If a nonindigent defendant appears without counsel at a proceeding after having been given a reasonable opportunity to retain counsel, the court, on 10 days' notice to the defendant of a

dispositive setting, may proceed with the matter without securing a written waiver or appointing counsel." TEX. CODE CRIM. PROC. ANN. art. 1.051(e) (West Supp. 2012). The record clearly establishes that Prendergast appeared at the June 19, 2012 hearing without counsel and was given more than 10 days' notice of the jury trial setting. Accordingly, the only issue presented on appeal is whether Prendergast was given a reasonable opportunity to retain counsel. *See Tuffiash v. State*, 948 S.W.2d 873, 878 (Tex. App.—San Antonio 1997, pet. ref'd) ("When the complaining party's attorney withdraws from the case, a continuance should be allowed for a reasonable time to allow the party to employ other counsel and to enable the new counsel to investigate the case and adequately prepare for trial or hearing.") We review the trial court's determination that Prendergast was given a reasonable opportunity to retain counsel under an abuse of discretion standard. *Brent v. State*, No. 14-09-00960-CR, 2011 WL 1251330, at \*2 (Tex. App.—Houston [14th Dist.] Apr. 5, 2011, pet. ref'd); *see also Kozacki v. Knize*, 883 S.W.2d 760, 763 (Tex. App.— Waco 1994, orig. proceeding) (reviewing whether trial court unreasonably or arbitrarily interfered with the right to choose counsel under abuse of discretion standard).

"The right to assistance of counsel contemplates the defendant's right to obtain assistance from counsel of the defendant's choosing." *Gonzalez v. State*, 117 S.W.3d 831, 836-37 (Tex. Crim. App. 2003). "However, the defendant's right to counsel of choice is not absolute." *Id.* at 837. "[W]hile there is a strong presumption in favor of a defendant's right to retain counsel of choice, this presumption may be overridden by other important considerations relating to the integrity of the judicial process and the fair and orderly administration of justice." *Id.* Stated differently, the right to counsel may not be manipulated so as to obstruct the judicial process or interfere with the administration of justice. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000); *Brazil v. State*, 665 S.W.2d 561, 562 (Tex. App.—San Antonio 1984, no pet.).

The first pretrial hearing in Prendergast's case was set for November 7, 2011. Prendergast requested and received numerous resets until March 6, 2012, when notice was sent that pre-trial was set for June 13, 2012. Prendergast's retained counsel filed his motion to withdraw on June 11, 2012. On June 13, 2012, the motion was granted, and the hearing was reset to June 19, 2012. At that time, Prendergast had an additional twenty days to retain new counsel before voir dire was scheduled to begin on July 9, 2012. Although Prendergast represented to the trial court that he had retained new counsel, the trial court had not received a notice of appearance and was informed that the attorney Prendergast allegedly retained was out of the country for two weeks. Given the prior delays, the time Prendergast was given to retain new counsel, and the absence of any notice of appearance by the new counsel Prendergast allegedly had retained, the trial court did not abuse its discretion in determining that Prendergast had been given a reasonable opportunity to retain new counsel.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH