**Opinion filed March 6, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00080-CR

_____

## DAVID EARL RESENDEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CR13525**

## MEMORANDUM OPINION

David Earl Resendez appeals his conviction of forgery by passing a forged writing in the form of a check. *See* TEX. PENAL CODE ANN. § 32.21(b), (d) (West 2011). The jury sentenced Appellant to confinement for a term of two years in the

State Jail Division of the Texas Department of Criminal Justice and assessed a fine of $440.16. We affirm.

## I. *Evidence at Trial*

Appellant was charged by indictment with forgery by passing a forged writing in the form of a check. Appellant was arraigned on March 21, 2011, wherein he appeared before the trial court with his retained counsel. At the arraignment, Appellant's case was initially set for jury trial on March 28, 2011.

Before the case went to trial, Appellant and his counsel signed an "Agreement to Reset and Plea Guilty," and Appellant's case was reset for January 23, 2012. On January 23, Appellant appeared before the trial court with his counsel and informed the court that he no longer wished to plead guilty. The court then reset Appellant's jury trial for February 21, 2012. Given Appellant's past indecision, the court also requested assurance from him that he understood that his case would go to trial on February 21, and Appellant provided the court with acknowledgement of his understanding.

On February 21, Appellant appeared before the trial court with his counsel. Before the start of trial, Appellant asked the court to grant him an opportunity to retain new counsel because his attorney was not adequately representing him. After the court recounted the procedural history of the case, it denied Appellant's request. The case then proceeded to trial, and Appellant pleaded "not guilty" to the charged offense.

Devin Grigg, a cashier at Dowell Ace Hardware in Stephenville, Texas, testified that on April 11, 2010, she took two checks from Appellant for goods from the hardware store and later discovered those checks had been forged. Grigg identified Appellant in a photo lineup presented to her by the Stephenville Police Department (SPD). Grigg stated she was able to identify Appellant based on his

distinctive neck tattoo and because he had been in the store several times before he used the forged checks to pay for goods from the store.

Lori Mays, a former employee of Dowell Ace Hardware, testified that her supervisor, Carisa McCoy, asked her to take pictures of Appellant when he returned to the store on May 4, 2010. Using the camera on her cell phone, Mays took a picture of Appellant and several pictures of the pickup he was driving that day. Mays admitted that she never saw Appellant commit any crime and was just obeying her supervisor's orders when she took the pictures.

Mays identified State's Exhibit No. 1 as the picture she took of Appellant on her cell phone on May 4, 2010. Appellant objected to State's Exhibit No. 1 because it had not been properly authenticated. The court overruled Appellant's objection, and State's Exhibit No. 1 was admitted into evidence.

Mays identified State's Exhibit No. 2 as the picture she took of the pickup she was told Appellant was driving on May 4, 2010. Mays admitted she did not see Appellant exit the pickup and did not know if the pickup belonged to him. Appellant objected to State's Exhibit No. 2 because the photograph violated TEX. R. EVID. 403. The court overruled Appellant's objection, and State's Exhibit No. 2 was admitted into evidence.

SPD Officer Benny Payne testified that he was called to Dowell Ace Hardware on May 5, 2010, to investigate a forgery report. Once Officer Payne arrived at the store, Carisa McCoy informed him that the store had received two returned checks on April 11, 2010, from the account of Juana and Reynaldo Fraga; the checks were returned because the account on which they were drawn had been closed. McCoy also informed him of her belief that Appellant had used the forged checks to pay for the goods and provided Officer Payne with copies of the pictures Mays had taken the previous day.

Officer Payne stated he confirmed Appellant's identity by matching the picture Mays had taken to a picture that the police department already had of Appellant on file. Officer Payne noted that, when he ran the license plate of the pickup Mays had photographed, he discovered that the vehicle did not belong to Appellant and assumed that Appellant had merely borrowed the vehicle from its owner. Officer Payne subsequently handed the case over to Detective Sergeant James Gresham of the SPD Criminal Investigation Division.

Sergeant Gresham testified he arrested Appellant after he confirmed that the driver's license number written on each returned check matched Appellant's driver's license number. Reynaldo and Juana Fraga, the account holders of the returned checks, informed the officers that the account associated with the checks had been closed for some time. The couple further stated they believed that the checks had been stolen from a house where they used to live.

Reynaldo and Juana Fraga both testified that they did not know Appellant and did not give him permission to use their checks. They also stated that neither of them signed the checks Appellant used at the hardware store.

## II. *Issues Presented*

Appellant contends in two issues on appeal that the trial court erred when it denied his request to retain different counsel and when it admitted into evidence two photographs that were taken almost a month after the charged offense occurred.

## III. *Standard of Review*

We review whether a trial court unreasonably or arbitrarily interfered with a defendant's right to choose his counsel under an abuse of discretion standard, which is a question of whether the court acted without reference to any guiding rules and principles. *Brent v. State*, 401 S.W.3d 140, 143 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). The test for determining whether a trial court

4

properly admitted evidence is also an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

IV. *Analysis*

*A. Request to Retain New Counsel*

Appellant argues in his first issue that the trial court erred when it denied his request to retain different counsel. By denying his request, Appellant contends that the trial court violated his fundamental right to the counsel of his choice. The right to assistance of counsel contemplates the defendant's right to obtain assistance from counsel of his own choosing. *Gonzalez v. State*, 117 S.W.3d 831, 836–37 (Tex. Crim. App. 2003). However, a defendant's right to counsel of his choice is not absolute. *Id.* at 837. The strong presumption in favor of a defendant's right to retain counsel of his choice may not be manipulated to obstruct the judicial process or interfere with the administration of justice. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000).

Appellant was represented by his retained counsel for almost a year before he made the trial court aware of his dissatisfaction with the quality of counsel's representation. When Appellant informed the court that he no longer wished to enter a guilty plea on January 23, 2012, the court explicitly informed him that the "aggravating thing" was that the court had prepared a jury to try Appellant when he suddenly changed his mind and decided to enter a guilty plea. Based on Appellant's past indecision, the trial court sought assurance from him that he understood that his trial would take place on its rescheduled date, and Appellant provided the court with assurance of his understanding.

Although Appellant appeared before the trial court with his counsel at several pretrial matters, Appellant waited until the date his jury trial was set to take place to inform the court that he wished to retain new counsel. Furthermore, Appellant's jury trial had already been reset once to accommodate him. Given the

5

circumstances, we cannot say that the trial court abused its discretion when it denied Appellant's request to retain new counsel. We overrule Appellant's first issue.

### B. Admission of Photographic Evidence

Appellant argues in his second issue that the trial court erred when it admitted two photographs into evidence that had been taken almost a month after the charged offense occurred. To support his argument, Appellant contends that the State failed to lay a proper predicate for the photograph admitted as State's Exhibit No. 1. Appellant further contends that admission of the photograph identified as State's Exhibit No. 2 was improper under TEX. R. EVID. 403.

The predicate to introduce a photograph requires proof of (1) its accuracy as a correct representation of the subject at a given time and (2) its relevance to a material issue. *Huffman v. State*, 746 S.W.2d 212, 222 (Tex. Crim. App. 1988). A photograph may be authenticated by the testimony of any witness who has personal knowledge that the particular item accurately represents the scene or event that the photograph purports to portray. TEX. R. EVID. 901. There is no requirement that the authenticating witness (1) be the person who took the photo or (2) saw the photo being taken. *Hughes v. State*, 878 S.W.2d 142, 155 (Tex. Crim. App. 1992). Any witness who observed the object or the scene depicted in the photograph may lay the predicate. *Huffman*, 746 S.W.2d at 222.

In this case, the photograph admitted as State's Exhibit No. 1 was relevant to the issues at trial. The photograph was taken at the scene of the charged offense and was later given to the local authorities to assist them in their investigation. Mays, the store employee who took the photograph, testified that the picture was an accurate depiction of Appellant when he returned to the store on May 4, 2010. The fact that Mays did not witness Appellant's earlier commission of the offense did not affect her ability to authenticate the photograph. We hold that a proper

6

predicate was laid for State's Exhibit No. 1 and that the trial court did not abuse its discretion when it admitted the photograph of Appellant into evidence.

We now turn to Appellant's Rule 403 challenge to the admission of the photograph labeled as State's Exhibit No. 2. TEX. R. EVID. 403 governs the admissibility of photographic evidence alleged to be unduly prejudicial. *Horton v. State*, 986 S.W.2d 297, 305 (Tex. App.—Waco 1999, no pet.). While relevant evidence is generally admissible, such evidence is properly excluded under Rule 403 when "its probative value is substantially outweighed by the danger of unfair prejudice." TEX. R. EVID. 403; *Reese v. State*, 33 S.W.3d 238, 240 (Tex. Crim. App. 2000). Evidence is unfairly prejudicial when it has an undue tendency to suggest that a decision be made on an improper basis. *Reese*, 33 S.W.3d at 240.

Here, the photograph admitted as State's Exhibit No. 2 shows the pickup Appellant was driving when he returned to the hardware store on May 4, 2010. Although Officer Payne testified to the fact that Appellant did not own the pickup, other evidence established that Appellant was driving the pictured pickup the day he returned to the hardware store. The photograph was relevant to this case, as it was given to the local authorities in order to aid their investigation into the forged checks.

We are not persuaded that the danger of unfair prejudice substantially outweighed the probative value of the photograph admitted as State's Exhibit No. 2. Appellant advances no theory as to how the photograph of the pickup may have unduly prejudiced him, and we see no way in which the photograph might have led the jury to decide the case on an improper basis. We find that the trial court did not abuse its discretion in admitting the photograph labeled as State's Exhibit No. 2 into evidence. We overrule Appellant's second issue.

V. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


March 6, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.